**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK EDWARD COLE, AKA Garth Newmeyers, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-71370 <br><br> Agency No. A200-883-021 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Jack Edward Cole, a native and citizen of Canada, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and claims of due process violations in immigration proceedings, and we review for substantial evidence the agency's factual findings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

We reject Cole's contentions that the BIA violated his due process rights by summarily affirming the IJ's decision or by failing to properly review his case. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence supports the agency's conclusion that Cole failed to meet his burden of proof to demonstrate past persecution by the Hell's Angels in Canada. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001) ("The applicant has the burden of proving his eligibility with 'credible, direct, and specific evidence'") (citation omitted); *Aden v. Holder*, 589 F.3d 1040, 1045-46 (9th Cir. 2009) (record did not compel reversal of the BIA's conclusion that petitioner's corroborating evidence was insufficient). Substantial evidence also supports the agency's conclusion that Cole failed to demonstrate a well-founded fear of persecution by the Hell's Angels in Canada because he did not establish his fear was objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (accepting petitioner's fear was subjectively genuine but finding it was

15-71370

"not objectively reasonable under the circumstances of [the] case"). We reject Cole's contentions that agency failed to consider evidence or erred by misstating or misrepresenting the record. Thus, Cole's asylum claim fails.

In this case, because Cole failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Cole's CAT claim fails because he did not demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the Canadian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**