**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADELA ORTIZ-ORTIZ, | No. 14-73863 |
| Petitioner, | Agency No. A205-420-865 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 19, 2017
Seattle, Washington

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

Petitioner Adela Ortiz-Ortiz ("Ortiz"), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals's ("BIA") denial of her

applications for withholding of removal and protection under the Convention

Against Torture ("CAT"). The BIA found Ortiz not credible due to inconsistencies

between her testimony to the immigration judge ("IJ") and statements that she

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

made during an interview with an asylum officer. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand on an open record.

1. When the BIA "conduct[s] its own review of the evidence and law rather than simply adopting the immigration judge's decision," our review "is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted). Here, the BIA did not adopt any part of the IJ's opinion, and expressly rejected much of the IJ's credibility analysis. We confine our review to the BIA's decision.

2. The government contends that several of Ortiz's challenges are unexhausted because she did not raise them in her notice of appeal to the BIA. But Ortiz appealed to the BIA pro se, so we "construe [her claims] liberally," and "do not employ the exhaustion doctrine in a formalistic manner." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (internal quotation marks omitted). Viewing her prior appeal to the BIA in such a manner, we hold that Ortiz's claims are exhausted.

3. The BIA concluded that Ortiz lacked credibility on the basis of two inconsistencies in her testimony: (1) during her interview with the asylum officer, Ortiz said that on March 19, 2013, two men on motorcycles shot at her at a town fair, but during the hearing before the IJ, Ortiz testified that her ex-husband Mario

Alberto Divas beat and tried to kill her outside of a church on that day; and (2) during her interview with the asylum officer, Ortiz said that she was on her way back from shopping when she found a young girl hanged, but before the IJ, Ortiz testified that she was on her way home from work, and that the girl had been tied up with wire and shot several times.

When theses purported inconsistencies are considered alongside the other significant evidence of abuse and threats in the record, they are relatively minor. Ortiz submitted letters and declarations of friends and family members stating that Divas beat her; pictures and a physician's report detailing scars consistent with her testimony; and a country report and articles describing a high rate of domestic violence in Guatemala. Ortiz also gave ample testimony during the hearing that was fully consistent with her statements to the asylum officer.

Further, we question whether Ortiz's statements are inconsistent at all. Ortiz could have encountered shots fired at her at the town fair *and* later that day been beaten by Divas outside a church. Ortiz's statement that she "found a young girl hanged" is not inconsistent with "they tie[d] her up with a wire" if by "tie[d] her up" Ortiz had meant tied her up to something above the ground. And Ortiz might have spent time both working and shopping on the day she saw the murdered girl.

Finally, the circumstances of Ortiz's testimony make the asserted inconsistencies only minimally probative of her credibility. At both her reasonable

3

fear interview and at her hearing before the IJ, Ortiz testified without counsel, through an interpreter, and about very traumatic subjects. It is likely that the inconsistencies identified by the BIA were the products not of untruthfulness, but of misunderstanding, mistake, or bad memory. *See Abovian v. INS*, 219 F.3d 972, 979 (9th Cir.), *amended on other grounds*, 228 F.3d 1127 (9th Cir. 2000); *Singh v. Gonzales*, 403 F.3d 1081, 1091 (9th Cir. 2005). Considering the record as a whole, the "totality of the circumstances, and all relevant factors," we hold that the BIA's adverse credibility determination was not supported by substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

**4.** Ortiz has "a Fifth Amendment right to due process [at her] deportation proceedings, which ensures that [she] receive[s] a full and fair hearing." *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (internal quotation marks omitted). The "BIA decision violates due process if the proceeding was so fundamentally unfair that [Ortiz] was prevented from reasonably presenting h[er] case." *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 380 (9th Cir. 2003). For the reasons that follow, we have concerns about Ortiz's due process rights.

The IJ did not ask Ortiz about (1) the November 2011 beating where Divas knocked out four of Ortiz's teeth and sent her and her son to the hospital; nor (2) the December 2012 attack where Divas threw Ortiz into the street by her hair and

4

stabbed and raped her. Both incidents were grounds for the asylum officer's reasonable fear of persecution finding, and both incidents were listed in Ortiz's Form I-589 Application for Withholding of Removal. In light of our review of the record, we conclude that the IJ's failure to ask Ortiz about the incidents violated her due process rights. *See Oshodi v. Holder*, 729 F.3d 883, 890 (9th Cir. 2013) (en banc) ("Every asylum and withholding applicant is *required* to be examined under oath as to the contents of h[er] application." (emphasis in original)). Failing to ask Ortiz about the incidents was also prejudicial. *See id.* at 889–90 ("An applicant's testimony of past persecution and/or h[er] fear of future persecution stands at the center of h[er] claim and can, if credible, support an eligibility finding without further corroboration."); *see also Jacinto v. INS*, 208 F.3d 725, 734 (9th Cir. 2000).

We remand to the BIA on an open record. The BIA shall grant Ortiz an opportunity to testify about the November 2011 and December 2012 incidents, and shall determine whether Ortiz is entitled to withholding of removal and CAT relief in light of our decision that the record does not support the BIA's adverse credibility decision.

**PETITION GRANTED and REMANDED**