NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE ENRIQUE RIOS-RUIZ, AKA Jose Enrique Ries Rios, AKA Jose Enrique Rios Rios, AKA Jose Enique Rios-Ruiz, AKA Jose Enrique Riosruiz, AKA Jose Enrique Rioz-Rios,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No. 14-73580<br><br>Agency No. A098-764-955<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017**

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

 Jose Enrique Rios-Ruiz, a native and citizen of Mexico, petitions for review

of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal from

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Rios-Ruiz failed to establish it is more likely than not he was or would be recruited by gang members based on a direct or imputed political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (applicant must provide some evidence of motive, direct or circumstantial). We reject his contention that the BIA ignored evidence. Thus, his withholding of removal claim fails.

Substantial evidence also supports the agency's denial of Rios-Ruiz's CAT claim because he failed to demonstrate it is more likely than not he would be tortured by the Mexican government, or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject his contention that the BIA did not fully consider his claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

14-73580