**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA RUIZ-VELASCO, | No. 15-70884 |
| Petitioner, | Agency No. A079-762-182 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an
Immigration Judge's Decision

Submitted July 11, 2017**

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Barbara Ruiz-Velasco, a native and citizen of Mexico, petitions pro se for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)

that she did not have a reasonable fear of persecution or torture and thus is not

entitled to relief from her reinstated removal order. We have jurisdiction under 8

U.S.C. § 1252. We review for substantial evidence the IJ's factual findings,

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

We do not consider the materials attached to Ruiz-Velasco's opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the IJ's conclusion that Ruiz-Velasco failed to establish a reasonable possibility of future persecution in Mexico on account of a protected ground. *See Nagoulko v. INS*, 333 F.3d 1016, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

Substantial evidence also supports the IJ's conclusion that Ruiz-Velasco failed to demonstrate a reasonable possibility of torture by the Mexican government, or with its consent or acquiescence. *See Andrade-Garcia*, 828 F.3d at 836-37.

We reject Ruiz-Velasco's contentions regarding the conduct of her hearing. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("An immigration decision violates due process if the proceeding were so fundamentally unfair that the [petitioner] was prevented from reasonably presenting [her] case." (internal citation and quotation omitted)).

**PETITION FOR REVIEW DENIED.**

15-70884