**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAO GUO, | No. 14-71868 |
| Petitioner, | Agency No. A088-335-868 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 28, 2017
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER and IKUTA, Circuit Judges, and FREUDENTHAL,[**] Chief District Judge.

Petitioner Xiaoping Guo, a Christian and native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture ("CAT"), 8 C.F.R. §§ 1208.16(c), 1208.18(a). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition with respect to the BIA's denial of eligibility for asylum and the denial of protection under CAT. We grant the petition with respect to the denial of withholding of removal, and we remand in light of the new standard announced in the intervening case of *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017).

We conclude substantial evidence supports the Immigration Judge's ("IJ") factual findings denying Guo's asylum application, namely that he failed to establish he was persecuted, or had a well-founded fear of persecution, on account of religion, anti-government political opinion regarding the new cremation law, or any other protected ground. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). The facts are undisputed that: (1) Guo did not know why he was arrested, detained and

---

[**] The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

2

beaten; (2) police arrested only people who fiercely resisted the lawful police authority in removing the decedent's body; (3) none of the other Christians attending the burial were arrested; and (4) Guo's mother remains unharmed in their native country, despite her continued Christian practice in a home church. Thus, substantial evidence supports the IJ's conclusion that resistance to police authority was the central reason for Guo's arrest, detention, beating and fine, and that neither religion nor political opinion was a central reason for the treatment to which Guo was subjected.

There is, however, evidence in the record that could support a conclusion that religion or political opinion was "a reason" for Guo's treatment by the authorities. Our decision in *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017), came down after the BIA reached its decision in this case. We held in *Barajas-Romero* that eligibility for withholding of removal, as distinct from eligibility for asylum, requires only that a forbidden ground such as religion be "a reason" for the official action at issue. The IJ and the BIA appear to have applied the criterion of "a central reason" rather than "a reason" to Guo's claim for withholding of removal. We therefore grant and remand Guo's petition for review with respect to the BIA's denial of withholding of removal in order to permit the agency to apply the proper standard as articulated in *Barajas-Romero*.

Next, we turn to Guo's claim under CAT. Guo contends that his ill treatment by Chinese authorities amounted to torture within the meaning of CAT, and that he is likely to be subjected to torture if he is returned to China. Guo's ill treatment did not rise to the level of cruel and inhumane treatment required to satisfy the standard under CAT, and he has failed to establish that it is more likely than not that he will be tortured if he is returned to China.

We therefore deny Guo's petition with respect to his claims for asylum and for relief under CAT. We grant his petition and remand to the BIA for reconsideration of his claim for withholding of removal. We award costs to petitioner on the petition for review.

**PETITION FOR REVIEW DENIED IN PART, GRANTED IN PART, AND REMANDED.**

*Guo v. Sessions*, No. 14-71868
Ikuta, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority's denial of the petition as to asylum and protection under the Convention Against Torture, but dissent from the majority's remand as to withholding of removal. In *Barajas-Romero v. Lynch*, we recognized that any distinction between "one central reason" in the asylum statute and "a reason" in the withholding statute was inconsequential if "there was no nexus at all between the feared persecution and [a protected ground]." 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010)). In this case, the BIA concluded that Guo had not established any nexus between either his Christianity or imputed political opinion and his claim that he would "more likely than not" suffer future persecution. 8 C.F.R. § 208.16(b)(2). Substantial evidence supports this conclusion. Accordingly, I would deny the petition as to withholding of removal.