*914 MEMORANDUM **
Petitioner Xiaoping Guo, a Christian and native and citizen of the People’s'Republic of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his applications for asylum, 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture (“CAT”), 8 C.F.R. §§ 1208.16(c), 1208.18(a). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition with respect to the BIA’s denial of eligibility for asylum and the denial of protection under CAT. We grant the petition with respect to the denial of withholding of removal, and we remand in light of the new standard announced in the intervening case of Barajas-Romero v. Lynch, 846 F.3d 351 (9th Cir. 2017).
We conclude substantial evidence supports the Immigration Judge’s (“IJ”) factual findings denying Guo’s asylum application, namely that he failed to establish he was persecuted, or had a well-founded fear of persecution, on account of religion, anti-government political opinion regarding the new cremation law, or any other protected ground. Padilla-Martinez v. Holder, 770 F.3d 825, 830 (9th Cir. 2014). The facts are undisputed that: (1) Guo did not know why he was arrested, detained and .beaten; (2) police arrested only people who fiercely resisted the lawful police authority in. removing the decedent’s body; (3) none of the other Christians attending the burial were arrested; and (4) Guo’s mother remains unharmed in their native country, despite her continued Christian practice in a home church. Thus, substantial evidence supports the IJ’s conclusion that resistance to police authority was the central reason for Guo’s arrest, detention, beating and fíne, and that neither religion nor political opinion was a central reason for the treatment to which Guo was subjected.
There is, however, evidence in the record that could support a conclusion that religion or political opinion was “a reason” for Guo’s treatment by the authorities. Our decision in Barajas-Romero v. Lynch, 846 F.3d 351 (9th Cir. 2017), came down after the BIA reached its decision in this case. We held in Barajas-Romero that eligibility for withholding of removal, as distinct from eligibility for asylum, requires only that a forbidden ground such as religion be “a reason” for the official action at issue. The IJ and the BIA appear to have applied the criterion of “a central reason” rather than “a reason” to Guo’s claim for withholding of removal. We therefore grant and remand Guo’s petition for review with respect to the BIA’s denial of withholding of removal in order to permit the agency to apply the proper standard as articulated in Barajas-Romero.
Next, we turn to Guo’s claim under CAT. Guo contends that his ill treatment by Chinese authorities amounted to torture within the meaning of CAT, and that he is likely to be subjected to torture if he is returned to China. Guo’s ill treatment did not rise to the level of cruel and inhumane treatment required to satisfy the standard under CAT, and he has failed to establish that it is more likely than not that he will be tortured if he is returned to China.
We therefore deny Guo’s petition with respect to his claims for asylum and for relief under CAT. We grant his petition *915 and remand to the BIA for reconsideration of his claim for -withholding of removal. We award costs to petitioner on the petition for review.
PETITION FOR REVIEW DENIED IN PART, GRANTED IN PART, AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.