**Jose Jesus MAGANA-MONTES, AKA Jose Jesus Magana-Montez, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 14-73844

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

Filed October 3, 2017

James Todd Bennett, El Cerrito, CA, for Petitioner

Stratton Christopher Strand, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM **

Jose Jesus Magana-Montes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Cabantac v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

Magana-Montes is removable for an offense related to a controlled substance, where the abstract of judgment read in conjunction with the complaint shows his conviction under California Health and Safety Code § 11351 involved heroin. *See* 8 U.S.C. § 1227(a)(2)(B)(i) (an alien who has been convicted of a violation of any law of a state, the United States, or a foreign country relating to a controlled substance is removable); *Cabantac*, 736 F.3d at 793-94 ("[W]here, as here, the abstract of judgment ... specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."). Accordingly, the agency did not violate due process in determining Magana-Montes is removable. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Because the removability determination under 8 U.S.C. § 1227(a)(2)(B)(i) is dispositive, we need not reach Magana-Montes' contentions regarding removability under 8 U.S.C. § 1227(a)(2)(A)(iii).

We lack jurisdiction to consider Magana-Montes' unexhausted contention that the

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

abstract of judgment cannot be linked to the complaint because they describe two different crimes. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.