**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JAIME ENRIQUE RODRIGUEZ-MARES, AKA Jaime Enrique Mares-Rodriguez, AKA Jaime Enrique Maresrodriguez, AKA Jaime Enrique Rodriguez, AKA Jaime Rodriguez-Mares, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   16-71141 <br><br> Agency No. A200-807-171 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2018**

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Jaime Enrique Rodriguez-Mares, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an immigration judge's ("IJ") decision denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. §1252. We review de novo claims of due process violations. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Rodriguez-Mares has not demonstrated the agency violated due process by allowing one IJ to sign the decision on behalf of the prior IJ who had since retired, where he has not shown prejudice. *See id.* at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Rodriguez-Mares also has not shown the agency's application of the "exceptional and extremely unusual hardship" standard violated due process, where he has not shown the application of the standard prejudiced his case. *See id.*; *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006-07 (9th Cir. 2003) (agency's interpretation of the hardship standard did not violate due process, and even if it had, alien had not shown prejudice from its application to the facts of the case).

Rodriguez-Mares' contention that the BIA violated due process by failing to adequately set forth the reasons behind its decision is unsupported, where the BIA sufficiently addressed the contentions he raised in his brief. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely

16-71141

reacted." (citation omitted)). To the extent Rodriguez-Mares contends the BIA

failed to address whether the IJ properly evaluated and addressed the evidence, we

lack jurisdiction to consider this contention, where he did not raise it before the

BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack

jurisdiction to review legal claims not presented in an alien's administrative

proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**