**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO PEREZ-MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  16-72256 <br><br> Agency No. A205-405-869 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Guillermo Perez-Martinez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying cancellation of removal. Our jurisdiction

is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determination regarding continuous physical presence. *Zarate v. Holder*, 671 F.3d 1132, 1134 (9th Cir. 2012). We review de novo questions of law, including claims of due process violations. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Perez-Martinez did not show 10 years of continuous physical presence to qualify for cancellation of removal, where he provided unclear testimony and no corroborating evidence to show he was present in the United States for a three year period between 2002 and 2005. *See* 8 U.S.C. § 1229b(b)(1)(A) (requiring 10 years of continuous physical presence for cancellation of removal); 8 U.S.C. § 1229a(c)(4)(B) (in determining whether alien has met the burden of proving eligibility, the agency weighs testimony against record evidence; agency can require evidence to corroborate otherwise credible testimony). Accordingly, the agency did not err or violate due process in making its determination. *See Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

We lack jurisdiction to review Perez-Martinez' unexhausted contentions regarding ineffective assistance of counsel. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-72256