**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JESUS PADILLA-MARTINEZ,
*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney General,
*Respondent*.

No. 11-72570

Agency No.
A090-213-873

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 8, 2012—San Francisco, California

Filed October 27, 2014

Before: Ronald M. Gould and Milan D. Smith, Jr., Circuit
Judges, and Kevin T. Duffy, District Judge.[*]

Opinion by Judge Gould

---

[*] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

**SUMMARY**[**]

**Immigration**

The panel denied Jesus Padilla-Martinez's petition for review of three decisions by the Board of Immigration Appeals, and its conclusion that his prior state law drug offense qualified as an aggravated felony.

The decisions in question involved application of the modified categorical approach to determine whether Padilla-Martinez's conviction of sale of a controlled substance under California Health and Safety Code § 11378 is an aggravated felony. The panel held that it had jurisdiction to review the BIA's interim decisions remanding issues to the Immigration Judge, because the final deportation order was contingent upon them. The panel also held that the BIA's decisions did not violate Padilla-Martinez's substantive or procedural due process rights, because: (1) the BIA's first sua sponte remand to the IJ was proper; (2) on remand, the IJ properly admitted a facsimile copy of the transcript of the state court felony change of plea proceeding; and (3) the BIA properly considered the government's appeal of the IJ's order granting Padilla-Martinez's motion to terminate proceedings.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kara Hartzler (argued), Florence Immigrant and Refugee Rights Project, Florence, Arizona, for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Nancy E. Friedman, Senior Litigation Counsel, Christina Bechak Parascandola (argued), Trial Attorney, United States Department of Justice, Washington, D.C., for Respondent.

**OPINION**

GOULD, Circuit Judge:

Jesus Padilla-Martinez seeks review of a series of decisions by the Board of Immigration Appeals ("BIA") culminating in the BIA's conclusion that his prior state-law drug offense qualified as an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), making him a deportable alien. Padilla-Martinez contends that his due-process rights were violated by the immigration proceedings that followed his incarceration for a conviction under California Health and Safety Code § 11378 (possession for sale of a controlled substance). We must decide whether Padilla-Martinez's due-process rights were violated by BIA decisions that (1) allowed the Government multiple opportunities to prove Padilla-Martinez's eligibility for deportation under the modified categorical approach and (2) admitted into evidence an uncertified transcript of the state-court felony change-of-plea proceedings.

# I

Padilla-Martinez is a native and citizen of Mexico. He first entered the United States without inspection, but later became a lawful permanent resident by adjusting his status. In March 2008, Padilla-Martinez was indicted for possession for sale of a controlled substance, methamphetamine, in violation of California Health and Safety Code § 11378. He pleaded pursuant to *People v. West*, 3 Cal. 3d 595 (Cal. 1970) (en banc), which held that a guilty plea to an offense does not necessarily mean that the defendant admits to the facts charged in the indictment. He was convicted by the State of California and served ninety days in prison.

## A.  First Immigration Judge Decision and Appeal

After his release, the Government initiated deportation proceedings against Padilla-Martinez, viewing him as deportable for the aggravated felony of illicit trafficking in a controlled substance, including a drug trafficking crime, under 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii). Padilla-Martinez opposed his removal and moved to terminate proceedings contending that the plea documents submitted by the Government did not establish a conviction involving a controlled substance as defined by federal law. The Government opposed the motion. Concluding that the plea documents identified the drug sold as methamphetamine, the Immigration Judge ("IJ") ruled in the Government's favor.

On the first appeal from the IJ, the BIA reversed after finding that no admissible documents identified the drug involved in the state conviction. The plea did not recite a factual basis, Padilla-Martinez did not plead to the offense

"as charged" in the information, and no plea transcript was submitted. But the BIA remanded for "further proceedings consistent with the foregoing opinion and entry of a new decision."

## B. Second Immigration Judge Decision and Appeal

On remand, Padilla-Martinez again moved to terminate the proceedings. In opposition, the Government submitted a facsimile copy of the transcript of the state-court felony change-of-plea proceedings, in which Padilla-Martinez orally pleaded guilty to the charge of selling methamphetamine. But the facsimile copy of the transcript was not official and, at the next scheduled hearing, the Government requested and received a continuance to gain a certified copy. When the continuance deadline approached, the Government said that it still did not have an official, certified copy of the transcript. The IJ then declined to consider the facsimile copy and issued a written decision granting Padilla-Martinez's motion to terminate on July 7, 2010. The Government filed a motion to reopen and reconsider and attached a declaration from Immigration and Customs Enforcement Agent Mick Hill, which certified that the facsimile copy of the transcript was a true and accurate copy of the facsimile that he had received from the custodian of the record. On August 5, 2010, the IJ denied the motion to reopen because the Government had not shown why the declaration was previously unavailable.

The Government appealed, asking the BIA to once again consider Padilla-Martinez's case—this time on the issue of whether the facsimile copy of the transcript, without the Hill declaration, should have been admitted by the IJ. The BIA found the facsimile copy of the transcript admissible and again remanded the case.

### C. Third Immigration Judge Decision and Appeal

Following the BIA directive, the IJ considered the facsimile copy of the transcript.  Because that document established a guilty plea to selling methamphetamine, she ordered removal.

Padilla-Martinez again appealed the IJ decision to the BIA, but the BIA stood by its prior decision holding the facsimile copy of the transcript admissible.  The BIA ordered that Padilla-Martinez be deported.  Padilla-Martinez filed a timely petition for review in this court.

### II

As a general rule, we have no jurisdiction to review a "final order of removal against an alien who is removable by reason of having committed a criminal offense," including a conviction relating to a controlled substance.  8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(B).  But there are exceptions and, as pertinent here, we may review "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D).  Our jurisdiction, however, is still limited to final orders of removal or deportation.  8 U.S.C. § 1252(a)(1); *see Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009) ("[W]here there is no final order of removal, this court lacks jurisdiction even where a constitutional claim or question of law is raised"); *see also Junming Li v. Holder*, 656 F.3d 898, 901 (9th Cir. 2011) (noting that the terms "order of removal" and "order of deportation" are interchangeable in this context).  We must determine whether we have jurisdiction to review the interim BIA decisions remanding issues back to the IJ.

"Order of deportation" is defined as the IJ's formal determination that an alien is deportable. *See* 8 U.S.C. § 1101(a)(47)(A); *see also Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 882 (9th Cir. 2003). Such an order becomes final when the BIA affirms the order or when the time for appealing it expires. 8 U.S.C. § 1101(a)(47)(B); *see Noriega-Lopez*, 335 F.3d at 882–83.

The Government argues that because remand decisions require additional consideration from the IJ in light of the BIA's interim analysis, the decisions do not constitute final orders of removal, depriving us of jurisdiction.[1] Although we agree with the Government that a BIA decision remanding a case back to the IJ may not be final when issued, *see Junming Li*, 656 F.3d at 902 (characterizing a BIA decision that remanded to the IJ for the completion of prerequisite background checks as "not a final order"), precedent indicates that a decision matures to finality upon entry of a final order that is contingent upon it. *See I.N.S. v. Chadha*, 462 U.S. 919, 938 (1983) (recognizing "final orders" to include "all matters on which the validity of the final order is contingent, rather than only those determinations actually made at the hearing" (quoting source omitted)). We hold that we have jurisdiction

---

[1] The Government only contested our jurisdiction over the first BIA decision remanding to the IJ—likely because the second BIA decision remanding to the IJ was favorable to the Government. But because we have an obligation to examine our jurisdiction even when unquestioned by the parties, *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93–95 (1998), we consider our jurisdiction over both interim BIA decisions.

to review the prior BIA decisions in this case because the final deportation order is contingent upon them.**[2]**

## III

We review *de novo* the BIA's determination of legal questions, but we review the BIA's findings of fact for substantial evidence and uphold them unless the evidence compels a contrary result. *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011) (citations omitted). We review *de novo* whether a non-citizen has been convicted of an aggravated drug-trafficking offense that renders him removable under the Immigration and Nationality Act ("INA"). *Rendon v. Mukasey*, 520 F.3d 967, 971 (9th Cir. 2008). We review *de novo* due-process challenges to final orders of removal. *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1023 (9th Cir. 2008) (citation omitted).

## IV

We next assess the merits of Padilla-Martinez's due-process claim. Aliens have a Fifth Amendment right to due process in deportation proceedings, which ensures that they receive a "full and fair hearing." *See Ren v. Holder*, 648 F.3d 1079, 1092 (9th Cir. 2011). An immigration decision violates

---

**[2]** This holding is consistent with our prior decisions. *See Brezilien v. Holder*, 569 F.3d 403, 406 (9th Cir. 2009) ("All of the BIA's decisions leading up to its final decision are properly before us in this proceeding."). It is also in line with our policy to permit review of decisions that might otherwise go unchecked. *See, e.g.*, *Junming Li*, 656 F.3d at 902–05 (citing *Viracacha v. Mukasey*, 518 F.3d 511, 513–14 (7th Cir. 2008), and exercising jurisdiction to review the BIA's decision denying asylum notwithstanding the fact that the decision also remanded regarding another form of relief).

due process if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 380 (9th Cir. 2003) (en banc) (quoting and citing sources omitted). To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice. *See Cinapian v. Holder*, 567 F.3d 1067, 1074–75 (9th Cir. 2009); *Campos-Sanchez v. I.N.S.*, 164 F.3d 448, 450 (9th Cir. 1999), *superseded by statute on other grounds as stated in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008) (per curiam).

Padilla-Martinez asserts that his immigration proceedings were plagued by violations of his due-process rights, spanning all three BIA decisions. We examine the alleged errors chronologically by BIA decision to scrutinize whether there was fundamental unfairness in how these proceedings were conducted.

## A

Padilla-Martinez contends that the BIA erred in its first decision by *sua sponte* remanding his case back to the IJ after deciding that the plea documents submitted by the Government did not establish removability. He alleges that this remand violated his due-process rights by permitting the Government two bites at the metaphorical apple.

We have previously held that the BIA has the authority to issue a *sua sponte* remand. *See Rodriguez v. Holder*, 683 F.3d 1164, 1170, 1173 (9th Cir. 2012) ("If the BIA believes that it cannot decide the case without resolution of these facts, then it must remand to the IJ for further factual findings."). And, in our own decisions remanding to the BIA,

we have encouraged remand on an open record. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1093–96 (9th Cir. 2009) (rejecting the "deemed credible" rule in the immigration context and remanding on an open record to "give the agency the opportunity to evaluate [the petitioner's] credibility while allowing him to explain as-yet-unexplained inconsistencies"). In expressing this preference, we relied on precedent premised on the idea that "second bites [at the metaphorical apple] are routine in litigation." *Id.* at 1093–94 (quoting and citing *Castaneda-Castillo v. Gonzales*, 488 F.3d 17, 24–25 (1st Cir. 2007)). We accepted that any resultant unfairness to the parties is outweighed by our interest in allowing prior decision-makers to cure an error. *See id.* The same principles should apply to remands between the BIA and the IJ. *See, e.g.*, *Fernandes v. Holder*, 619 F.3d 1069, 1073–74 (9th Cir. 2010) (finding no error in a BIA decision remanding to an IJ "to allow the DHS an opportunity to establish that since the time the persecution occurred conditions in the respondent's country have changed" and for "further proceeding consistent with the foregoing opinion.").

Padilla-Martinez supports his claim that remand is improper through citation to *Saavedra-Figueroa v. Holder*, which illustrated our unwillingness in the circumstances of that case to remand for the purpose of allowing the Government to introduce further evidence where "(1) the current record of conviction does not support a determination of removability and (2) all relevant documents of conviction became available before DHS initiated removal proceedings." 625 F.3d 621, 628 (9th Cir. 2010) (citation omitted). But Padilla-Martinez's petition is different because in this case the BIA's remand to the IJ was neither requested by the Government nor granted for the express purpose of allowing the Government to introduce new evidence. Moreover, the

Government did not possess the transcript until after the initial proceeding and did not believe it needed the transcript until after reversal of the first IJ decision.

Although the BIA could have both given more clarity on the purpose of its remand and said that it was remanding on an open record, we hold that the BIA did not err in its first decision by remanding the case to the IJ. *Fernandes*, 619 F.3d at 1074 (noting that if the BIA does not limit its remand order, the IJ is free to consider any matters deemed appropriate, including to consider new evidence or motions). We next address the second BIA decision.

## B

Padilla-Martinez contends that the BIA erred in its second decision by admitting the facsimile copy of the transcript.[3]

---

[3] Padilla contends that the modified categorical approach applies in determining whether his state law conviction qualifies as aggravated felony under federal law. We agree. The modified categorical approach applies only to divisible statutes. *Descamps v. United States*, 133 S. Ct. 2276, 2293 (2013). A statute is divisible if it contains "multiple, alternative elements of functionally separate crimes," and as to each alternative element, the jury "must then find that element, unanimously and beyond a reasonable doubt." *Id.* at 2285, 2290. California Health & Safety Code § 11378 is divisible for several reasons. First, it is written in the disjunctive by listing five alternative categories of controlled substances. *See Quijada Coronado v. Holder*, 747 F.3d 662, 668–69 (9th Cir. 2014) (concluding that California Health & Safety Code § 11377(a), a statute substantially similar to § 11378, is divisible). Also, California state law treats the type of controlled substance as a separate element in prosecuting relevant drug offenses. *See, e.g.*, 2 Witkin & Epstein, Cal. Crim. Law (4th ed. 2012) § 102 ("a specified controlled substance" is an element common to all state drug crimes requiring proof of possession); CALCRIM 2302 (Judicial Council of California Criminal Jury Instruction for conviction under § 11378 requires the jury to fill in the blank where

He argues that admitting the transcript "effectively h[eld] that the [G]overnment may submit late evidence [in the form of the Hill declaration] without good cause." First, we consider whether the transcript was admissible without the Hill declaration. If it was, then any alleged error in the use of the Hill declaration to authenticate the transcript was harmless. *See Quintanilla-Ticas v. I.N.S.*, 783 F.2d 955, 957 (9th Cir. 1986) ("[B]ecause the BIA's analysis was correct, any misapplication of the standard . . . was harmless error." (citation omitted)).

The INA and its corresponding regulations establish standards relating to evidence used in a removal proceeding to prove a criminal conviction. *See* 8 U.S.C. § 1229a(c)(3); 8 C.F.R. § 1003.41. Section 1229a(c)(3)(C) provides as follows:

> (C) Electronic records
>
> In any proceeding under this chapter, any record of conviction or abstract that has been submitted by electronic means to the Service from a State or court shall be admissible as evidence to prove a criminal conviction if it is—

---

the controlled substance is to be identified); *People v. Montero*, 66 Cal. Rptr. 3d 668, 671 (Cal. Ct. App. 2007) (adopting the CALCRIM jury instruction); *see also People v. Gerber*, 126 Cal. Rptr. 3d 688, 704 (Cal. Ct. App. 2011) (finding instructional error where jury instructions for conviction of a California drug crime did not require the jury to identify the type of controlled substance).

(i) certified by a State official associated with the State's repository of criminal justice records as an official record from its repository or by a court official from the court in which the conviction was entered as an official record from its repository, and

(ii) certified in writing by a Service official as having been received electronically from the State's record repository or the court's record repository.

A certification under clause (i) may be by means of a computer-generated signature and statement of authenticity.

The corresponding regulation uses almost identical language. *See* 8 C.F.R. § 1003.41(c).

But failure to "fully comply with the terms of the statute and regulation" does not render electronic conviction records inadmissible. *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1195–96 (9th Cir. 2006) (admitting copies of criminal convictions that were stamped by an immigration agent and appeared to be official state-court records even though certification by a state official was lacking). As we explained in *Sinotes-Cruz*, § 1229a(c)(3)(C) instead "establishes the maximum standard for authentication of electronically transmitted records of conviction, but it does not establish a minimum standard." *Id.* at 1196. The BIA may therefore admit evidence under either the requirements of the INA statute or through "any procedure that comports with common law rules of evidence." *Id.* (quoting *Iran v. I.N.S.*, 656 F.2d 469, 472 n.8 (9th Cir. 1981) (as amended)).

Admissibility is generally warranted so long as there is "some sort of proof that the document is what it purports to be." *Id.* (citation omitted). This makes good sense in the administrative-law context.

Here, the BIA found that the unauthenticated document was "what it purport[ed] to be." Substantial evidence supports the BIA's finding because the facsimile copy of the transcript appears on its face to be an official reporter's transcript from the Superior Court of the State of California: the front page of the document contains two stamps, one reading "COPY" and the other reading "FILED May 07 2010 Fresno County Superior Court By _____ Dept. 33 Deputy"; the top margin of each page contains a transmission date reflecting that the document was faxed on May 7, 2010; the last page of the document contains the signed affidavit of the court reporter who directed the transcription of "said proceeding"; and Padilla-Martinez's counsel was conditionally willing to waive formal certification of the transcript. Even absent authentication from an immigration agent, we hold that this evidence on its face has sufficient indicia of reliability to establish admissibility.

Padilla-Martinez also argues that the BIA erred in considering the Hill declaration because the Government only appealed the IJ's July 7 order terminating immigration proceedings and did not appeal the IJ's August 5 order denying the Government's motion to reopen on the basis of the Hill declaration. But because we have held above that the facsimile copy of the transcript is admissible without the Hill declaration, the Government did not need to appeal the motion to reopen. The BIA's act of construing the Government's appeal to encompass both the IJ's July 7

decision and the IJ's August 5 denial of the motion to reopen was harmless. *See Quintanilla-Ticas*, 783 F.2d at 957.

In the notice of appeal, the Government sought BIA review of the IJ's July 7 legal determination that the facsimile copy of the transcript, without the Hill declaration, was inadmissible. The Government timely filed the relevant appeal on August 6, 2010. *See* 8 C.F.R. § 1003.38(b) (noting that appeals are timely if notice is filed with the BIA within thirty days of the IJ decision). This issue was properly raised and exhausted. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc); *Figueroa v. Mukasey*, 543 F.3d 487, 492–93 (9th Cir. 2008). We next address the third BIA decision.

## C

Finally, Padilla-Martinez contends that "the BIA erred in denying [his] due process claim and finding that he had not established prejudice." Padilla-Martinez has not established a violation of his rights. We have held that the BIA's initial remand to the IJ was proper, that the facsimile copy of the transcript was properly admitted, and that the BIA properly considered the Government's appeal of the IJ's July 7 order granting Padilla-Martinez's motion to terminate proceedings. Because Padilla-Martinez was not deprived of substantive or procedural due process rights, we need not and do not reach the issue of prejudice.

**PETITION DENIED.**