
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

v.

KARINA SEVILLA,

          Defendant - Appellant.

</td><td>

No. 14-50390

D.C. No. 2:14-cr-00072-PA-1

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 19, 2015[**]
Pasadena, California

Before: KLEINFELD, RAWLINSON, and NGUYEN, Circuit Judges.

Karina Sevilla appeals her jury conviction and sentence for illegal alien found in the United States after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.  The district court did not abuse its discretion in precluding cross examination regarding the government's failure to investigate the citizenship of Sevilla's father.  Sevilla's proffered cross examination was at most only marginally relevant to the elements required to establish derivative citizenship, and the probative value of such evidence was substantially outweighed by the risk of confusing the issues, misleading the jury, and undue delay.  *See United States v. Espinoza-Baza,* 647 F.3d 1182, 1189-90 (9th Cir. 2011).

2.  Because Sevilla's derivative citizenship argument lacked the necessary factual foundation, the district court did not abuse its discretion in refusing to instruct the jury on Sevilla's theory of defense.  *See id.* at 1192 ("Without any facts linking Espinoza-Baza's evidence with the required elements for derivative citizenship, an instruction on the defense was not required.").

3.  The district court did not err in responding to the jury's questions.  The court properly instructed the jury both that the government had the burden to prove beyond a reasonable doubt that Sevilla was an alien at the time of her entry into the United States, and also that there were no jury instructions regarding the issue of Sevilla's derivative citizenship.  *See id.* ("[T]he jury's inquiry to the district court regarding derivative citizenship does not alter our analysis.").  The court also

2

properly instructed the jury not to "speculate" about why Sevilla's birth certificate was not offered into evidence.  *See* Fed. R. Evid. 103(d).

4.   Finally, as Sevilla concedes, her claim regarding the divisibility of Cal. Health & Safety Code § 11378 is foreclosed by existing precedent.  *See, e.g., Padilla-Martinez v. Holder,* 770 F.3d 825, 831 n.3 (9th Cir. 2014).

The judgment of conviction is **AFFIRMED**.  This matter is **REMANDED** to the district court with directions to correct the clerical error in the judgment and probation commitment order (District Court Dkt. No. 117), which incorrectly checked the box following the "plea" as "guilty," rather than a "not guilty" plea and a conviction following a jury trial.