NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENGHUI MAO, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 12-74232 Agency No. A088-108-759 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2016
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

Denghui Mao, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** Substantial evidence does not support the BIA's determination that Mao failed to establish past persecution based on his "other resistance" to China's coercive population control program. "When considering an asylum claim, we consider cumulatively the harm an applicant has suffered." *Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir. 2000). The BIA addressed the forced sterilization of Mao's wife in 1992 but failed to consider Mao's experiences with China's coercive population control program over the previous decade. Even though the BIA found Mao credible on the claim of "other resistance," the BIA failed to address evidence that: (1) despite officials forcing Mao's wife to wear an IUD after the birth of their first child, Mao and his wife violated China's one-child policy by having a second child without informing family planning officials; (2) Mao told officials that he would not comply with sterilization orders; and (3) Mao argued with officials for sterilizing his wife, even though it was too late to prevent the procedure. To properly analyze Mao's claim, the BIA must consider whether these events cumulatively establish "other resistance" to China's coercive population control program. *See Jiang v. Holder*, 611 F.3d 1086, 1094–95 (9th Cir. 2010) (holding that evidence of "persistent defiance of [China's] coercive population control policy" compelled a finding of "other resistance").

The BIA similarly failed to address the "totality of the circumstances" in determining that Mao was not persecuted. *Id.* at 1095. In addition to the forced

sterilization of Mao's wife, which is "proof of the fact that [Mao] was persecuted," *id.*, other evidence supported Mao's claim of persecution. First, Mao was forced to pay a substantial fine after the birth of his second child in 1987. *See id.* at 1095–96 (finding that the payment of a substantial fine supported a finding of persecution); *Zhang v. Gonzales*, 408 F.3d 1239, 1247–48 (9th Cir. 2005) (same). Second, officials forced Mao's wife to wear an IUD and present herself for gynecological examinations, even though Mao and his wife wanted to have more children. Third, officials came to Mao's home on multiple occasions, including when his wife was "still weak in health" four days after the birth of their second child, to enforce compliance with population control policies. Finally, Mao and his wife fled their home and went into hiding to "escap[e]" sterilization, for they "still wanted to have one more child." The BIA erred by failing to consider whether the aggregate effect of these events rises to the level of persecution. We therefore grant the petition and remand to the BIA to determine whether the evidence of Mao's experiences cumulatively establishes "persecution" for "other resistance" to China's coercive population control program.

**2.** Substantial evidence supports the BIA's determination that Mao's testimony about persecution for his opposition to the sale of land was not credible. Under the REAL ID Act, which applies to Mao's application, credibility determinations are made "on the basis of the 'totality of the circumstances, and all

relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Mao's testimony and written statement provided inconsistent accounts of the disputed land sale, the circumstances of Mao's arrests, and other key facts related to his claim. Mao provided no explanation for these inconsistencies. Substantial evidence therefore supports the BIA's adverse credibility determination.[1]

3.      Mao's removal hearing did not violate his due process rights. We find no basis to conclude that his removal hearing was "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (citation and internal quotation marks omitted).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[1] Because substantial evidence supports the BIA's adverse credibility determination as to the land transaction claim, we do not address whether, if Mao had testified credibly, he would have established past persecution on account of his political opinion.