NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| IGNACIO ALBERTO GUTIERREZ AGUIRRE, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-71291 <br><br> Agency No. A095-720-233 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017**

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Ignacio Alberto Gutierrez Aguirre, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying cancellation of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims of due process violations and questions of law. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the agency's determination that Gutierrez Aguirre did not merit cancellation of removal as a matter of discretion. *See Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012). Gutierrez Aguirre's contention that the BIA fully adopted the IJ's decision and thus adopted any alleged errors is not supported by the record, and thus does not invoke our jurisdiction. *See Arteaga-DeAlvarez v. Holder*, 704 F.3d 730, 736 (9th Cir. 2012) (alien must present a colorable claim to invoke jurisdiction over a discretionary determination).

In light of this determination, we need not, and the BIA was not required to, address whether the IJ correctly determined that Gutierrez Aguirre was convicted of a crime involving moral turpitude or properly analyzed good moral character. *See Simeonov*, 371 F.3d at 538; *Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010) (this court's review is limited to the grounds actually relied upon by the BIA). Accordingly, the BIA did not violate due process in declining to address these contentions. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**