**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30031 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00396-AA-1 |
| v. | |
| ELIAS JUAREZ-SANCHEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted June 6, 2018[**]
Portland, Oregon

Before: M. SMITH and MURGUIA, Circuit Judges, and KORMAN,[***] District Judge.

On November 5, 2015, Defendant-Appellant Elias Juarez-Sanchez was

indicted for illegal reentry into the United States in violation of 8 U.S.C. § 1326(a).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

In district court, Juarez-Sanchez filed a motion to dismiss the indictment against him. Juarez-Sanchez argued that the underlying removal proceedings held in 2011 violated his due process rights. The district court denied his motion to dismiss and Juarez-Sanchez then pleaded guilty to and was convicted of the illegal reentry charge. Juarez-Sanchez timely appealed.

To successfully collaterally attack his removal order, Juarez-Sanchez must demonstrate that "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *see also United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). We review claims that defects in prior removal proceedings preclude reliance on the final removal order in subsequent illegal reentry proceedings de novo, but review the district court's findings of fact for clear error. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012). This court can affirm the district court's denial of the motion to dismiss on any basis supported by the record. *Id.* We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

1. Juarez-Sanchez argues that his underlying removal proceedings were unfair and violated his due process rights because he was provided translation

services in Spanish rather than his native Nahuatl language. Immigrants in immigration removal proceedings, such as Juarez-Sanchez, are entitled to have proceedings against them translated into a language they understand. *See He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003); *Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000) ("It is long-settled that a competent translation is fundamental to a full and fair hearing. If an alien does not speak English, deportation proceedings must be translated into a language the alien understands.").

Here, the key question is whether Juarez-Sanchez understood the Spanish translation he received such that he comprehended the immigration proceedings against him. Juarez-Sanchez requested that his removal hearing proceed in Spanish, and a Spanish interpreter assisted him. Nothing in the record shows that the translation was incorrect, that Juarez-Sanchez provided unresponsive answers during the hearing, or that he expressed that he could not understand the Spanish translation. *See Perez-Lastor*, 208 F.3d at 778.

Moreover, the district court held a hearing on the motion, considered all testimony, considered the witnesses' credibility, noted that the indigenous culture and language expert's testimony was particularly helpful, and determined that the evidence supported the conclusion that Juarez-Sanchez sufficiently understood Spanish such that his due process rights were not violated in his removal proceedings. The district court also determined that Juarez-Sanchez was able to

respond appropriately to questions asked of him with the help of Spanish interpreters. This court gives the district court's factual findings regarding a witness's credibility "special deference," *United States v. Arreguin*, 735 F.3d 1168, 1174 (9th Cir. 2013) (quoting *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008)), and we do not disturb the district court's finding regarding witness credibility on this record. Accordingly, the district court did not err in concluding that Juarez-Sanchez sufficiently understood Spanish, and his right to competent translation was not violated.

2.     Juarez-Sanchez also argues that his underlying removal proceedings were unfair and violated his due process rights because the immigration judge ("IJ") failed to adequately advise him of his right to appeal. First, we reject Juarez-Sanchez's argument that the IJ's advisory was inadequate because of incompetent translation for the reasons stated above. Second, Juarez-Sanchez argues that aside from incompetent translation the IJ's advisory was inadequate. However, the IJ's advisory in this case is akin to the one given in *United States v. Becerril-Lopez*, where the IJ "did not phrase his statements about appeal in the future tense; it was clear that the time to appeal was at that hearing. [The IJ] also asked each individual whether he would appeal or accept the decision as final." 541 F.3d 881, 887 (9th

4

Cir. 2008).[1] The court found no due process violation in *Becerril-Lopez*. *Id*. Therefore, the district court here did not commit reversible error in concluding that the IJ appropriately advised Juarez-Sanchez of his right to appeal the IJ's decision.

3. Finally, Juarez-Sanchez argues that the IJ improperly admitted an inadmissible state judgment of conviction and sentence for cocaine possession. Here, the district court's factual findings regarding the contested judgment were not clearly erroneous and are supported by the record. Although the state judgment is unsigned and undated, nothing on the face of the document suggests that it is unreliable. Similar to the document at issue in *Padilla-Martinez*, the judgment here has a stamp reading "COPY" on the first and last page. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 833 (9th Cir. 2014). The judgment also has a fax note and a date stamp, again similar to the one in *Padilla-Martinez*. *Id*. Juarez-Sanchez also admitted to the IJ that he had been convicted of cocaine possession. *See* 8 C.F.R. § 1003.41(d) ("Any other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof.").

Further, Juarez-Sanchez did not object to the judgment's admission during his removal proceedings even though the IJ advised him of his right to challenge

---

[1] Here, the IJ advised Juarez-Sanchez, "And you have a right to appeal [the IJ's] decision to a higher court, if you disagree with it." The IJ also specifically asked Juarez-Sanchez if he wished to appeal the IJ's decision ordering Juarez-Sanchez removed and he declined.

evidence offered against him. Accordingly, looking at the record as a whole, the district court's factual findings were not clearly erroneous and the record supports the district court's conclusion that the judgment of conviction the IJ relied upon was reliable and admissible. *See Padilla-Martinez*, 770 F.3d at 833. We therefore affirm the district court's conclusion that the admission of the contested judgment in Juarez-Sanchez's removal proceedings did not violate his due process rights.

**AFFIRMED**.