NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGUSTIN OSEGURA, | No. 15-71528 |
| Petitioner, | Agency No. A096-047-667 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Agustin Osegura, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's removal order denying adjustment of status. We have

jurisdiction under 8 U.S.C. §1252. We review de novo questions of law. *Padilla-*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We grant the petition for review.

The agency denied Osegura's application for adjustment of status, concluding he was ineligible for having committed an aggravated felony crime of violence as described in 18 U.S.C. § 16(b). However, the BIA did not have the benefit of our decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), recently affirmed by the Supreme Court decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), holding that 18 U.S.C. § 16(b) is impermissibly vague. Accordingly, we remand to the BIA to consider Osegura's eligibility for relief in light of those decisions.

**PETITION FOR REVIEW GRANTED; REMANDED.**