NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AVTAR SINGH,<br><br>                Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                Respondent. | No.   17-70246<br><br>Agency No. A070-530-104<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges

Avtar Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying of his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen. *Martinez-Hernandez v. Holder*, 778

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1086, 1088 (9th Cir. 2015). We review de novo claims of due process violations. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely, where it was filed more than 90 days after his final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), 8 C.F.R. § 1003.2(c)(2), and he did not demonstrate he met any exception to the filing deadline, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv), 8 C.F.R. § 1003.2(c)(3).

To the extent Singh contends the 90-day time limit violates due process because it prevents him from applying for adjustment of status based on events that occurred more than 90 days after his final order of removal, he has not shown the deadline violates a fundamental right. *See Gebhardt v. Nielsen*, 879 F.3d 980, 988 (9th Cir. 2018) (the generic right to live with one's family is "far removed" from the specific right of United States citizens to live in the United States with non-citizen family members; a non-citizen's deportation does not violate the substantive due process rights of a citizen family); *Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."). Singh's reliance on *Kerry v. Din*, 135 S. Ct. 2128 (2015), is not persuasive, where that decision does not establish an alien has a fundamental right to remain in the United States with his family. *See id.* at 2131-39

17-70246

(determining there was no deprivation of "life, liberty, or property" in denying a visa to a citizen's spouse (Scalia, J., plurality opinion); even assuming a protected liberty interest, the citizen received proper process (Kennedy, J., concurring)).

Our jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte is limited to contentions of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). The BIA applied the correct "exceptional circumstances" standard, and Singh has not shown that the BIA failed to follow controlling law.

**PETITION FOR REVIEW DENIED.**