NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENIS OMAR MENDEZ-RUIZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-73055

Agency No. A094-353-409

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Denis Omar Mendez-Ruiz, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") order of removal. Our jurisdiction is governed by 8

U.S.C. § 1252. We review de novo claims of due process violations in

immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2005). We dismiss in part and deny in part the petition for review.

Mendez-Ruiz did not meaningfully challenge the agency's grounds of removability before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Mendez-Ruiz's claim that the IJ violated due process by failing to consider his evidence fails, where the IJ considered the evidence submitted and questioned Mendez-Ruiz at length about his evidence and arguments. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir. 2007) ("Where an alien is given a full and fair opportunity to be represented by counsel, prepare an application for [] relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process."). Mendez-Ruiz's claim that the IJ engaged in "name profiling" appears to be a misunderstanding, not a due process violation, and, even if such a violation occurred, Mendez-Ruiz has failed to establish prejudice. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014).

Mendez-Ruiz's motion for a stay of removal is denied as moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**