NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AURELIO GONZALEZ-ORTEGA, | No. 19-70143 |
| Petitioner, | Agency No. A206-349-826 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2021**
San Francisco, California

Before: BRESS and BUMATAY, Circuit Judges, and RAYES,*** District Judge.

Aurelio Gonzalez Ortega, a citizen of Mexico, petitions for review of a Board

of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Judge (IJ) order denying his claims for withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and dismiss in part.[1]

1.      We review de novo Gonzalez Ortega's claims of due process violations. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). To establish a due process violation in IJ proceedings, a petitioner must show both that the proceeding was "so fundamentally unfair that [he] was prevented from reasonably presenting his case," and that he was prejudiced, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (citations and quotation marks omitted). Gonzalez Ortega cannot make this showing.

While Gonzalez Ortega argues that the IJ should have used a Huichol interpreter rather than a Spanish interpreter at the hearing, he has not shown that "a better translation would have made a difference in the outcome of the hearing." *Acewicz v. U.S. I.N.S.*, 984 F.2d 1056, 1063 (9th Cir. 1993). Gonzalez Ortega was able to put forward a declaration describing his version of events, and the BIA assumed Gonzalez Ortega was credible. Gonzalez Ortega has failed to show that any defects in the translation at the hearing "prevented him from presenting relevant

---

[1] Gonzalez Ortega originally also sought asylum but abandoned that claim before the BIA. We thus do not consider it here.

evidence," *id.*, or otherwise "prejudiced the outcome of the hearing," *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Additionally, the record does not support Gonzalez Ortega's contention that the IJ failed to consider his expert testimony. The IJ performed a detailed review of the expert testimony, accorded it full evidentiary weight, and analyzed it in the context of Gonzalez Ortega's particular circumstances.

The BIA also did not violate due process by considering the facts set forth in a 2013 probation report. Gonzalez Ortega's counsel did not object to admission of the report at the hearing, and the record shows that Gonzalez Ortega had an adequate opportunity to respond to it. Moreover, Gonzalez Ortega argues only that the probation report impacted the IJ's adverse assessment of his credibility. Because the BIA assumed Gonzalez Ortega's credibility, he has not shown prejudice.

2. Gonzalez Ortega has not shown he is entitled to withholding of removal. The BIA determined that Gonzalez Ortega is ineligible for withholding of removal because his 2013 conviction was a "particularly serious crime." *See* 8 U.S.C. § 1231(b)(3)(B)(ii). We may review this decision only to determine "whether the BIA applied the correct legal standard." *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1343 (9th Cir. 2013) (citation and quotation marks omitted).

In this case, the IJ and BIA considered appropriate factors in concluding that Gonzalez Ortega's domestic violence conviction was for a "particularly serious

3

crime." *See Matter of Frentescu*, 18 I. & N. 244, 247 (BIA 1982). We lack jurisdiction to consider Gonzalez Ortega's argument that the IJ improperly weighed the evidence. *Blandino-Medina*, 712 F.3d at 1343. We accordingly dismiss this portion of the petition. We therefore have no occasion to reach the BIA's alternative holding that Gonzalez Ortega failed to meet his burden of proof to establish that he suffered past persecution or faces a clear probability of future persecution on account of a protected ground.

3.      Substantial evidence also supports the BIA's determination that Gonzalez Ortega failed show that he "more likely than not will be tortured if []he is removed to [his] native country," and therefore that he is not entitled to CAT relief. *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). Gonzalez Ortega does not claim past torture, and the record does not compel the conclusion that Gonzalez Ortega is likely to be tortured or that the Mexican government would acquiesce in his torture.

**PETITION DENIED IN PART; DISMISSED IN PART.**