NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL ARREOLA-SOSA, Ignacio Arreola-Sosa,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

No.   19-70009

Agency No. A201-290-074

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2022[**]

Before:     WALLACE, TALLMAN, and BYBEE, Circuit Judges.

Manuel Arreola-Sosa, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, including claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the discretionary determination that Arreola-Sosa did not demonstrate exceptional and extremely unusual hardship to a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the BIA denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law but not factual findings and discretionary decisions). In light of this disposition, we need not reach Arreola-Sosa's remaining contentions regarding whether his convictions are disqualifying offenses for purposes of cancellation of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach). Thus, we dismiss the petition for review as to Arreola-Sosa's cancellation of removal claim.

To the extent Arreola-Sosa contends that the IJ violated due process in failing to advise him of apparent eligibility for relief, he has not shown error. *See Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *see also Zamorano v. Garland*, 2 F.4th 1213, 1223 (9th Cir. 2021) (IJ did not have a duty to advise

noncitizen of apparent eligibility for asylum or withholding of removal where he did not express a fear of persecution that could support a plausible claim for relief).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**