**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISAAC CARDONA-HERNANDEZ, | No. 22-410 |
| Petitioner, | Agency No. A043-281-809 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023[**]
San Francisco, California

Before: SCHROEDER, CALLAHAN and BUMATAY, Circuit Judges.

Isaac Cardona-Hernandez, a citizen of Guatemala, petitions for review of a

decision by the Board of Immigration Appeals (BIA) affirming the Immigration

Judge's (IJ) admission of criminal conviction records in removal proceedings and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying him relief from removal to Guatemala. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the BIA's determination of legal questions *de novo* but review the BIA's findings of fact for substantial evidence and will uphold them unless the evidence compels a contrary result. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014).

Cardona-Hernandez alleges that the conviction records submitted by the Department of Homeland Security (DHS) during his removal proceedings were not properly authenticated under 8 U.S.C. § 1229a(c)(3)(C) and therefore could not provide the basis for removal under 8 U.S.C. § 1227(a)(2)(A)(iii), based on a conviction of rape in violation of California Penal Code § 261(a)(2), an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(A). His argument is not persuasive.

Criminal conviction records "*may* be authenticated under INS regulations, or by 'any procedure that comports with common law rules of evidence.'" *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1196 (9th Cir. 2006) (quoting *Iran v. I.N.S.*, 656 F.2d 469, 472 n.8 (9th Cir. 1981)). "Admissibility is generally warranted as long as there is 'some sort of proof that the document is what it purports to be.'" *Padilla-Martinez*, 770 F.3d 825 at 833 (quoting *Sinotes-Cruz*, 468 F.3d at 1196).

The conviction records submitted by DHS contain sufficient indicia of reliability to be admissible as evidence in Cardona-Hernandez's removal

2

proceedings. First, the conviction records on their face give every indication of being official Los Angeles County Superior Court records, particularly the abstract of judgment. The abstract of judgment, which details Cardona-Hernandez's rape conviction and sentence, is embossed with a seal from the Los Angeles County Superior Court on the first page and is signed by a clerk of the court on each of the remaining pages. *See* 8 C.F.R. § 1003.41(a)(5); *Padilla-Martinez*, 770 F.3d at 833 (holding that a facsimile copy of a transcript of a state court change-of-plea proceeding had sufficient indicia of reliability on its face to establish admissibility, even absent authentication from an immigration official).

Second, a deportation officer from United States Immigration and Customs Enforcement certified in writing that he received the conviction records by facsimile from the state prison where Cardona-Hernandez was housed. The prison's facsimile cover sheet includes an employee's attestation that the documents are copies of Cardona-Hernandez's official records. It also lists the same California Department of Corrections and Rehabilitation and Criminal Identification and Information numbers as those reflected on the embossed abstract of judgment. *See Sinotes-Cruz*, 468 F.3d at 1196 (admitting faxed copies of conviction records that were certified by an immigration official and appeared to be state court records even though certification by a state official was lacking).

In sum, regardless of Cardona-Hernandez's other arguments, the abstract of judgment supported by the deportation officer's certification is admissible and sufficient to establish Cardona-Hernandez's conviction of an aggravated felony in his removal proceedings.

The petition is **DENIED**.