**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR RUIZ-HERNANDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-751

Agency No.
A089-837-551

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2023[**]

Before:     SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Salvador Ruiz-Hernandez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review de novo questions of law and claims of due process violations in

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Ruiz-Hernandez's claim that the BIA violated due process by affirming without opinion the IJ's decision fails because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."). Ruiz-Hernandez did not argue before the BIA that the IJ violated due process by failing to advise him of the availability of voluntary departure, and as such, he did not exhaust the contention and we decline to address it. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1113-14 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

Ruiz-Hernandez's contention that the hardship to his qualifying relatives should have been assessed as of the time of his original hearing lacks merit. *See Mendez-Garcia v. Lynch*, 840 F.3d 655, 663-65 (9th Cir. 2016) (applicant for cancellation of removal must show hardship to a qualifying relative "as of the time the IJ adjudicates the alien's application"). To the extent Ruiz-Hernandez contends the IJ violated due process by preventing him from seeking appellate review of the original cancellation denial or by unfairly delaying his proceedings, we reject these contentions as unsupported by the record.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**