NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNA PATRICIA BARRERA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 22-1052<br><br>Agency No.<br>A207-421-953<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2025**

Before: SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Anna Patricia Barrera, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Barrera has not established facts that show exceptional and extremely unusual hardship to her qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show "'hardship that is substantially different from, or beyond, that which would normally be expected from [petitioner's] deportation'" (quoting *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)).

Barrera's claim that the agency violated due process by failing to consider hardship to all qualifying relatives cumulatively fails because she has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**