**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO LIRA MIRANDA, | No. 21-747 |
| Petitioner, | Agency No. A098-385-772 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2026**

Before: LEE, DESAI, and JOHNSTONE, Circuit Judges.

Antonio Lira Miranda, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We deny the petition for review.

Substantial evidence supports the agency's determination that Lira Miranda has not shown exceptional and extremely unusual hardship to qualifying relatives. *See id*. at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)).

Lira Miranda's claim that the agency violated due process by failing to consider evidence in the aggregate fails because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Lira Miranda's contention that the IJ lacked jurisdiction over his proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

**PETITION FOR REVIEW DENIED.**