**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMMANUEL ARTHUR BALDOZ
CORPUZ,

                    Petitioner,

    v.

WILLIAM P. BARR, Attorney General,

                    Respondent.

No.    17-71906

Agency No. A097-994-901

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020[**]

Before:      SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Emmanuel Arthur Baldoz Corpuz, a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for special rule cancellation of removal under the Violence Against

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Women Act of 1994. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo questions of law. *Hernandez v. Ashcroft*, 345 F.3d 824, 832 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Corpuz and his witness, Antonio Ybanez, were not credible. *See* 8 U.S.C. § 1229a(c)(4)(C) (adverse credibility finding must be based on totality of circumstances); *Shrestha*, 590 F.3d at 1041 ("Doubtless the REAL ID Act requires a healthy measure of deference to agency credibility determinations."). Corpuz's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). Corpuz's contention that the agency erred in not applying the "any credible evidence" standard in reaching a decision is unpersuasive, where the record shows that all credible evidence was considered. 8 U.S.C. § 1229b(b)(2)(D). In addition, his contention that the BIA violated due process by affirming the IJ's adverse credibility findings, giving partial weight to the testimony of Dr. Bennett Williamson, and relying on speculation and conjecture is not supported by the record. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To

17-71906

prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Because the agency did not find Corpuz and Ybanez credible and did not assign full weight to the psychological evidence, substantial evidence also supports the agency's determination that Corpuz failed to establish he had been battered or subjected to extreme cruelty by his U.S. citizen spouse. *See* 8 U.S.C. § 1229b(b)(2)(A)(i)(I). As this determination is dispositive, we do not reach Corpuz's remaining contentions regarding hardship and discretion. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Finally, we lack jurisdiction to review Corpuz's unexhausted contention that the IJ should have considered his personality disorder in proceeding with trial. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**