NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALOMON ESTRADA GUTIERREZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 15-73766 Agency No. A205-323-700 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Salomon Estrada Gutierrez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision pretermitting his applications for cancellation of

removal and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo questions of law and claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

The agency properly denied Estrada Gutierrez's applications, where Estrada Gutierrez failed to establish that his conviction under California Health & Safety Code section 11366.5(a) is not a controlled substance violation that renders him ineligible for cancellation of removal, *see* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1229b(b)(1)(C); *Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (an inconclusive conviction record is insufficient to meet applicant's burden of proof to show eligibility for relief), and which precludes him from establishing good moral character for voluntary departure, *see* 8 U.S.C. §§ 1101(f)(3), 1229c(b)(1)(B).

Estrada Gutierrez's contention that the agency violated his right to due process in pretermitting his applications for relief fails. *See Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**