**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO CASTELO-LINARES, | No. 16-73480 |
| Petitioner, | Agency No. A206-262-756 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Antonio Castelo-Linares, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision pretermitting his application for cancellation of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, including claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

The agency did not err in pretermitting Castelo-Linares's application for cancellation of removal, where the evidence "indicates that one or more of the grounds for mandatory denial of the application for relief may apply." *See* 8 C.F.R. § 1240.8(d); *see also* 8 U.S.C. § 1229b(b)(1)(C) (a conviction for a crime of domestic violence, as set forth in 8 U.S.C. § 1227(a)(2)(E)(i), is a ground for mandatory denial of an application for cancellation of removal).

Castelo-Linares failed to meet his burden to establish that he is not subject to mandatory denial of relief. *See* 8 C.F.R. § 1240.8(d); *see also Pereida v. Wilkinson*, 141 S. Ct. 754, 760 (2021) (applicant for removal relief bears the burden of establishing eligibility for discretionary relief, including that the applicant has not been convicted of certain disqualifying offenses).

The BIA did not err or violate Castelo-Linares's right to due process by concluding the IJ did not fail to provide him an opportunity to meet his burden of proof, where Castelo-Linares was on notice for approximately eleven months of the need to provide evidence that he was not convicted of a crime of domestic violence in order to establish his eligibility for relief. *See Padilla-Martinez*, 770 F.3d at 830 (requiring demonstration of a violation of rights to prevail on a due

process claim).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**