**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARI ADELFO MARTINEZ-MACARIO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-72615 <br><br> Agency No. A200-201-854 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Ari Adelfo Martinez-Macario, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"). We

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Martinez-Macario's request for oral argument, set forth in the opening brief, is denied.

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Martinez-Macario failed to establish a nexus between past or future harm and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Martinez-Macario's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Martinez-Macario failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent Martinez-Macario alleges a due process violation, we reject as unsupported by the record the contention that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error is required to prevail on a due process claim).

2                                                                                    15-72615

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**