NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SUKHRAJ SINGH,<br><br>            Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No.    17-71719<br><br>Agency No. A205-408-065<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022[**]
San Francisco, California

Before:  CHRISTEN and BRESS, Circuit Judges, and FEINERMAN,[***] District Judge.

Sukhraj Singh, a citizen of India, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

(IJ) order denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Singh argues that the IJ violated his due process rights by denying his request for humanitarian asylum prior to the hearing date on that request. We review due process claims de novo. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). To establish a due process violation in IJ proceedings, a petitioner must show both that the proceeding was "so fundamentally unfair that [he] was prevented from reasonably presenting his case," and that he was prejudiced, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation marks omitted). Singh has not made this showing.

Singh had an opportunity to present his claim for humanitarian asylum to the IJ, notwithstanding his erroneous assumption that the briefing deadline had changed because his hearing had been rescheduled. Singh had requested and received four months within which to file a brief, and it was not for an additional three months—seven months after the briefing deadline was initially set—that the IJ finally denied Singh's claim. Singh also had the opportunity to argue his entitlement to humanitarian asylum in his initial proceedings before the IJ, and did not do so.

*Yeghiazaryan v. Gonzales*, 439 F.3d 994 (9th Cir. 2006), does not support

2

Singh.  In *Yeghiazaryan*, the BIA violated a petitioner's due process rights by denying his motion to reopen before the applicable briefing deadline.  *Id.* at 998–1000.  Here, the IJ did not deny Singh's humanitarian asylum request until three months after the applicable briefing deadline had elapsed.

Singh also has not shown prejudice for purposes of his due process claim.  The IJ considered whether Singh was entitled to humanitarian asylum based on his prior documentary evidence and hearing testimony, and decided that he was not.  Singh has offered no reason to conclude that the IJ's denial of humanitarian asylum was erroneous.  Singh thus has not shown a violation of his due process rights.  *See Colmenar*, 210 F.3d at 971.

**PETITION DENIED.**