**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARDO TULIO RIVAS-GARCIA, | No. 15-73022 |
| Petitioner, | Agency No. A200-199-446 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2022[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and GRABER and BEA, Circuit Judges.

Petitioner Mardo Tulio Rivas-Garcia, a native and citizen of Guatemala,

seeks review of a final order of the Board of Immigration Appeals ("BIA"),

dismissing his appeal from an immigration judge's ("IJ") decision that denied his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture. We review the agency's factual findings for substantial evidence, Guo v. Sessions, 897 F.3d 1208, 1212 (9th Cir. 2018), and we review a due process challenge de novo, Padilla-Martinez v. Holder, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition.

1. Petitioner asserts that he fears harm because he is a member of a particular social group—land-owning coffee growers or his family. But the IJ found, and the BIA affirmed as not clearly erroneous, that Petitioner fails to show that either the threats he received or the murders of two of his siblings were "on account of" his membership in either purported social group. Rather, Petitioner was the unfortunate victim of random criminal activity. The evidence does not compel a contrary conclusion. Because Petitioner fails to establish nexus, the BIA permissibly denied his applications for asylum and withholding of removal.[1] See Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that an alien's desire to be free from random criminal activity bears "no nexus" to a protected ground).

---

[1] Petitioner does not challenge the denial of protection under the Convention Against Torture, so we do not address that issue.

2. Petitioner argues that the IJ violated his right to due process by threatening to make an adverse credibility finding if Petitioner reviewed his written declaration during the hearing. It would have been premature for the IJ to make such a finding before the hearing had concluded. See Kaur v. Gonzales, 418 F.3d 1061, 1066 (9th Cir. 2005) (When assessing an alien's credibility "it is incumbent upon the IJ to view each portion of an alien's testimony . . . in light of all of the evidence presented."). But the BIA correctly held that, even assuming that the IJ violated his right to due process by cutting off a material line of inquiry, Petitioner fails to show that he was prejudiced. See Padilla-Martinez, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION DENIED.**