NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMARA PETROSYAN,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>     Respondent. | No.  15-71610<br><br>Agency No. A097-857-809<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before:  S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Tamara Petrosyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen, and review de novo questions

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

of law, including due process claims.  *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).  We deny the petition for review.

The BIA did not abuse its discretion in denying Petrosyan's motion to reopen based on ineffective assistance of counsel where she failed to show prejudice from the performance of former counsel.  *See Mohammed v. Gonzales*, 400 F.3d 785, 793-94 (9th Cir. 2005) (prejudice shown where counsel's performance was so inadequate it may have affected the outcome).

We reject Petrosyan's contention that the BIA violated her due process rights.  *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**