NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CANO-PEDRO; et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1007

Agency Nos.
A215-676-928
A215-676-929

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2023[**]

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Juan Cano-Pedro and his minor son, natives and citizens of Guatemala,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision ordering

them removed from the United States. We have jurisdiction under 8 U.S.C.

§ 1252. We review de novo claims of due process violations in immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Petitioners' contention that the IJ violated due process in failing to advise them of apparent eligibility for relief fails because they have not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *see also Zamorano v. Garland*, 2 F.4th 1213, 1223 (9th Cir. 2021) (IJ had no duty to advise noncitizen of apparent eligibility for asylum or withholding of removal where he did not express a fear of persecution that could support a plausible claim for relief).

The BIA did not err in concluding the IJ did not violate petitioners' right to counsel. *See Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (IJ did not violate right to counsel where applicant was provided "reasonable time to locate counsel"); *Padilla-Martinez*, 770 F.3d at 830.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**