**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**JUL 6 2023**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO CARLOS SERNA ALEJANDRO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-17<br><br>Agency No.<br>A200-155-745<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2023[**]

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Roberto Carlos Serna Alejandro, a native and citizen of Ecuador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's ("IJ's") decision denying his application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review de novo constitutional claims.  *Mohammed v. Gonzales*, 400 F.3d 785,

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Serna Alejandro's due process claim fails because the record does not support his contentions that the IJ engaged in improper speculation and failed to consider evidence. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

We otherwise lack jurisdiction to review the agency's denial of cancellation of removal as a matter of discretion where Serna Alejandro's remaining challenges do not raise a colorable legal or constitutional claim. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions).

We do not consider the materials Serna Alejandro references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**