**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENDY YAKARELY CRUZ-HERRERA, | No. 23-258 |
| Petitioner, | Agency No. A201-400-703 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023**

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Wendy Yakarely Cruz-Herrera, a native and citizen of Nicaragua, petitions

pro se for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's ("IJ") decision deeming her applications for

asylum, withholding of removal, and protection under the Convention Against

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT") abandoned. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion a decision to deem an application abandoned. *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

The agency did not abuse its discretion in finding Cruz-Herrera abandoned her applications for asylum, withholding of removal, and CAT protection by failing to complete the biometrics requirement before the deadline imposed by the IJ. *See* 8 C.F.R. § 1208.10 ("Failure to comply with processing requirements for biometrics … within the time allowed will result in dismissal of the application, unless the applicant demonstrates that such failure was the result of good cause."); *Gonzalez-Veliz*, 996 F.3d at 948 (no abuse of discretion in finding application abandoned for failure to provide timely biometrics).

Cruz-Herrera's claims the agency violated due process by conducting her hearing without counsel and not granting additional time to find new counsel fail because she has not shown error where the record indicates she was represented by counsel at the hearing and did not request a continuance. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**