**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN JERONIMO-BARRON,<br><br>           Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>           Respondent. | No. 24-1279<br><br>Agency No.<br>A220-489-871<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 17, 2024[**]

Before:    WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Ruben Jeronimo-Barron, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ's") decision denying his application for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA properly denied cancellation of removal where Jeronimo-Barron was ineligible based on a conviction for a violation of a protection order. 8 U.S.C. §§ 1227(a)(2)(E)(ii); 1229b(b)(1)(C). In light of this disposition, we need not reach Jeronimo-Barron's remaining contentions regarding the merits of his claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Jeronimo-Barron's claim that the IJ violated due process in questioning him fails because he has not shown error or prejudice. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003) ("[T]he due process clause does not prevent an IJ from examining a witness." (internal quotation marks and citation omitted)).

Jeronimo-Barron's contentions regarding eligibility for withholding of removal, protection under the Convention Against Torture, and other immigration relief are not properly before the court because he failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required);

*see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section

1252(d)(1) is a non-jurisdictional claim-processing rule).

The temporary stay of removal remains in place until the mandate issues.

The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**