**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER LOPEZ GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-1649<br><br>Agency No.<br>A045-572-851<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2025**
Pasadena, California

Before: WALLACE, GRABER, and BUMATAY, Circuit Judges.

Javier Lopez Gonzalez seeks review of the Board of Immigration Appeals'

("BIA") order upholding an immigration judge's ("IJ") decision to deny Lopez

Gonzalez's motion to terminate removal proceedings. Specifically, Lopez Gonzalez

challenges the IJ's decision to admit certain conviction records under 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1229a(c)(3)(C)(ii). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

"We review questions of law in immigration proceedings *de novo*." *Romero-Mendoza v. Holder*, 665 F.3d 1105, 1107 (9th Cir. 2011). We review the BIA's decision and the parts of the IJ's decision on which the BIA relied. *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021).

Lopez Gonzalez's sole challenge is to the IJ's admission of conviction records downloaded from the Public Access to Court Electronic Records ("PACER") website. His arguments are unpersuasive. Although 8 U.S.C. § 1229a(c)(3)(C) establishes certain criteria for conviction records that, if met, require the IJ to admit the records, this provision "establishes the maximum standard for authentication of electronically transmitted records of conviction, but it does not establish a minimum standard." *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1196 (9th Cir. 2006). Rather, 8 C.F.R. § 1003.41(d) authorizes the admission of "[a]ny other evidence that reasonably indicates the existence of a criminal conviction." This regulation is consistent with our precedent, which holds "[a]dmissibility is generally warranted so long as there is some sort of proof that the document is what it purports to be." *Padilla-Martinez v. Holder,* 770 F.3d 825, 833 (9th Cir. 2014) (simplified).

Here, Lopez Gonzalez's conviction records were accompanied by a signed certification from an officer of the Department of Homeland Security. The

certification confirmed that the records were downloaded from PACER, an authorized electronic repository of the federal courts. Further, the records contained filing dates and stamps bearing the insignia of the Clerk of the federal district court and the signature of the federal district judge assigned to the case. Lopez Gonzalez's conviction records accurately reflected his name and the case number associated with his prior conviction. Finally, Lopez Gonzalez does not claim that the conviction records are inaccurate. In the circumstances, the BIA permissibly ruled that the records contained sufficient indicia of reliability. *See Smith v. Garland*, 103 F.4th 663, 670 (9th Cir. 2024) (distinguishing authentication from reliability).

**PETITION DENIED.**