**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACSON PORTO QUEIROZ; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-3168 <br><br> Agency Nos. <br> A220-216-939 <br> A220-216-940 <br> A220-216-941 <br> A220-216-942 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**

Before:     SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Jacson Porto Queiroz and his family, natives and citizens of Brazil, petition

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's ("IJ") decision denying their applications

for asylum, withholding of removal, and protection under the Convention Against

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

To the extent petitioners contend they experienced past persecution, this issue is not properly before the court because they did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional).

As to future persecution, substantial evidence supports the agency's determination that petitioners are ineligible for asylum as internal relocation is a safe and reasonable option. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir. 2003) ("[T]he IJ may deny eligibility for asylum to an applicant who has otherwise demonstrated a well-founded fear of persecution where the evidence establishes that internal relocation is a reasonable option under all of the circumstances.").

Because petitioners have not established eligibility for asylum, it necessarily follows that they have not established eligibility for withholding of removal, which requires applicants to satisfy the more stringent "more likely than not" standard. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if they returned to Brazil. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'" (internal citation omitted)).

Petitioners' claim that the IJ violated due process by issuing an oral and unsigned order fails because petitioners have not shown error or prejudice. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.")

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**