NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALMA GUADALUPE VILLEGAS-REYES, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 21-1304 <br><br> Agency No. <br> A216-395-905 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2025**

Before:     SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Alma Guadalupe Villegas-Reyes, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her application for

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Villegas-Reyes has not shown exceptional and extremely unusual hardship to a qualifying relative. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)).

We lack jurisdiction to consider Villegas-Reyes's contention regarding the severity of her qualifying relative's medical condition. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Wilkinson v. Garland*, 601 U.S. 209, 218, 222, 225 (2024) (when cancellation of removal is denied, federal courts have jurisdiction to review constitutional claims and questions of law, but not factual determinations, including "the seriousness of a family member's medical condition").

Villegas-Reyes's claim that the agency violated due process by failing to consider the hardship caused by family separation fails, because Villegas-Reyes testified that her qualifying relative would return to Mexico with her. *See Padilla-*

*Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**