NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 2 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENA MARTINEZ-QUIHUIS, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-5510 <br><br> Agency No. <br> A201-163-372 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 26, 2026**

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Lorena Martinez-Quihuis, a native and citizen of Mexico, petitions for

review the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Martinez-Quihuis has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)). We reject as unsupported by the record Martinez-Quihuis' contention that the agency erred in the hardship analysis.

Martinez-Quihuis' claim that the IJ violated due process by limiting testimony and prejudging the outcome of the case fails because she has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION FOR REVIEW DENIED.**