NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHAN JIMENEZ MARTINEZ,<br><br>    Petitioner,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>    Respondent. | No. 22-1527<br><br>Agency No.<br>A095-008-977<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 26, 2026**

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Jonathan Jimenez Martinez seeks review of an order of the Board of

Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") decision

denying cancellation of removal, asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Jimenez Martinez has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)). Jimenez Martinez's claim that the agency violated due process by failing to properly weigh the hardship factors fails because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Substantial evidence supports the agency's determination that Jimenez Martinez failed to show he suffered harm that rose to the level of persecution, where he did not claim any past harm in Mexico. *See Urias-Orellana v. Bondi*, 146

S. Ct. 845, 851 (2026) (the agency's persecution determination is reviewed for substantial evidence). Substantial evidence also supports the agency's determination that Jimenez Martinez failed to show a reasonable possibility of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution was "too speculative"). Thus, his asylum claim fails.

Because Jimenez Martinez failed to show eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye v. Gonzale*s, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT protection because Jimenez Martinez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not violate due process by affirming without opinion the IJ's decision. *See* 8 C.F.R. § 1003.1(e)(4) (permitting affirmance without opinion); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir. 2003) ("[S]treamlining does not violate [petitioner's] due process rights.").

**PETITION FOR REVIEW DENIED.**